IN THE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-CR-00085-DGK |
| | ) | |
| BRANDON R. HAYWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR NEW TRIAL

COMES NOW Appellant Brandon R. Haywood, (pro se), pursuant to Rule 33, Federal Rules of Criminal Procedure, moves for a new trial in the interest of justice, for the following reasons:

### I. Preliminary Statement

1. In this case or matter, Defendant was found guilty on a three (3) count Indictment by a jury on 24 September 2025, before Honorable Judge David Greg Kays.

2. Defendant states that he has been denied a fair and impartial trial by a jury of his peers and his constitutional rights has been denied and infringed upon throughout these criminal proceedings in violation of the U.S. Constitution as well as procedural and statutory laws.

### II. Suggestions

3. Trial court erred and defense counsel was ineffective in dealing with the issue of plea bargain because defendant was not adequately and properly informed of the alleged government's plea offer in that said counsel informed Defendant that he would receive a total of thirty-seven (37) months with a dismissal of the 924c charge and with a right to appeal upon release from jail.

4. Trial court erred and defense counsel was ineffective in informing Defendant that the government would accept the plea offer mentioned in paragraph three (3), then later informing the Defendant that no such plea agreement existed.

5. Trial court erred and defense counsel was ineffective in failing and/or refusing to inform Defendant of the government's plea agreement or 84 or 90 months with the understanding that Defendant must also plea guilty to the state charges also.

6. Trial court erred and defense counsel was ineffective in failing and/or refusing to adequately and properly explain that Defendant did not have to plea guilty to state charges in order to accept the government's plea offer.

7. Trial court erred and defense counsel was ineffective in failing and/or refusing to propose Defendant's counter plea offer of a binding plea agreement from 27 to 37 months, with no more than 60 months, to the government and plea judge.

8. Trial court erred and defense counsel was ineffective in failing and/or to refusing to object to admission of evidence and to present Defendant's Fourth Amendment violation by law enforcement officers to the jury.

9. Trial court erred and defense counsel was ineffective in failing and/or refusing to allow and call defense witnesses Emily Knox, Kelly Pope, Sgt. KD. Jarnagin, Sgt. Christopher Burris, John Roach, Lauren Hoff, Kindra Kitzenberger, William Burke, Police Officer Cochran, Police Officer Sipes, Police Officer Ford, Police Officer Flores, Police Chief Adam Dustin, Department of Motor Vehicle Witness, Independence Specialty Tow Witness and State Prosecutor that authorised seizing evidence without probable cause or a search warrant.

10. Trial court erred and defense counsel was ineffective in failing and/or refusing to work with state criminal prosecutor on a plea deal in conjunction with government's plea deal.

11. Trial court erred and defense counsel was ineffective in failing and/or refusing to file an extraordinary writ because the government refusing to authorize Defendant's appearance in state court regarding the companion charges to this case where the state trial judge had issued a writ of habeas corpus for his production.

12. Trial court erred in failing and/or refusing to sanction defense counsel for failing and/or refusing to adequately and correctly comply with pretrial court deadlines, specifically, but not limited to, calling defense witnesses.

13. Trial court erred and defense counsel was ineffective in failing and/or refusing to present the defense and argue that the illegal and unlawful search violated Coolidge v. New Hamphire and Franks v. Delaware in that the alleged item seized was not in plain view allowing its seizure without constitutionally probable cause or judicial warrant.

14. Trial court erred and defense counsel was ineffective in failing and/or refusing to produce evidence of Defendant's car being impounded under Missouri Sunshine Laws and said exculpatory and material evidence being destroyed despite the ongoing and pending criminal investigation by state and federal authorities.

15. Trial court erred and defense counsel was ineffective in failing and/or refusing to argue the government's illegal and unlawful seizure of evidence not in plain view with constitutional probable cause and without a valid search warrant, and the issue of prosecutorial misconduct authorising such seizure against the law.

16. Trial court erred and defense counsel was ineffective in failing and/or refusing to grant Defendant a constitutional right to speedy trial and/or refusing to grant him release on a signature bond pending jury trial, and said counsel interfered with right to speedy trial by seeking Defendant's mental examination over his objections.

17. Trial court erred and defense counsel was ineffective in failing and/or refusing to object and/or raise the issue that no constitutional eyewitness identification existed in this case.

18. Trial court erred and defense counsel was ineffective in failing and/or refusing to prepare an adequate and proper defense in this case instead of adamantly pressing Defendant to plea guilty to the federal charges and never asking Defendant for his defense witnesses.

19. Trial court erred and defense counsel was ineffective in failing and/or refusing to present the defense that state law enforcement officer illegally and unlawfully went inside car without probable cause or a search warrant despite the

police hold, when dash cam clearly showed that both police cars were parked by silver mustang.

20. Trial court erred and defense counsel was ineffective in failing and/or refusing to present evidence that no one saw Defendant entering or exiting the Silver Mustang or entering or exiting the store when Coolidge v. New Hamphire holds the crime scene (house) is the issue, not the entry and exiting the vehicle.

21. Trial court erred and defense counsel was ineffective in failing and/or refusing to present evidence and argue that Dollar General was the only area relevant to the alleged crimes in the state case, not the Silver Mustang.

22. Trial court erred and defense counsel was ineffective in failing and/or refusing to present evidence and argue that Detective John Roach illegally and unlawfully opened the Silver Mustang, illegally and unlawfully moved stuff around in the Mustang so as to justify breaking into the center console without probable cause or a valid search warrant.

23. Trial court erred and defense counsel was ineffective in failing and/or refusing to present and argue that no body cams were used to protect exculpatory evidence of the ongoing investigation in a criminal case that resulted in the deliberate destruction of exculpatory and material evidence for the defense.

24. Trial court erred and defense counsel was ineffective in failing and/or refusing to present evidence, argue and impeach that a night Memo showed that the Silver Mustang had a police hold on it that Detective Kitzenberger was aware of and knew the importance of the green folders to the state case, however, she went into the car away and moved stuff around to justify probable cause and search warrant resulting in police misconduct. See Doc. 87( 1/24/2025), p. 2-3 in Case No. 4:23-CR-00085-BCW.

25. Trial court erred and defense counsel was ineffective in failing and/or refusing to object and argue that the admission of evidence regarding the green folder was highly prejudicial and inflamed the jury's passion and prejudice resulting in an erroneous verdict of conviction.

26. Trial court erred and defense counsel was ineffective in failing and/or refusing to present and argue that CSI Lauren Hoff observed Detective John Roach break into the Silver Mustang's center console which shows

Witness Roach knowingly and falsely testified under oath before the jury, and said police misconduct is due to poor communication, leadership and supervision by defunct Police Chief Adam Dustin in that he failed to train and supervise his subordinates, and he signed off on Defendant's case against published policies, rules and regulations, which points to dismissal of case.

27. Trial court erred and defense counsel was ineffective in failing and/or refusing to object and argue the prejudicial and inflammatory nature of Detective John Roach testifying that he headed a sex unit and the admission of Defendant's 30 year old conviction.

28. Trial court erred and defense counsel was ineffective in failing and/or refusing to object to certain evidence and testimony during trial when Defendant directed him to do so, which left the jury with the impression that defense had no objection with the admission of the questionable evidence and testimony.

29. Trial court erred and defense counsel was ineffective in failing and/or refusing to government into circumstantial evidence that Defendant was living in the Silver Mustang, when he was not, but said counsel failed and/or refused to present any evidence to the contrary.

30. Trial court erred and defense counsel was ineffective in failing and/or refusing to object to the jury instruction stating that direct and circumstantial evidence will be considered and weighed the same, when this is a misstatement of law and presents an unconstitutional standard of review.

31. Trial court erred and defense counsel was ineffective in failing and/or refusing to present and argue that judge was prejudicial in informing Defendant that he would not let him call witnesses at the trial resulting in no defense at all.

32. Trial court erred and defense counsel was ineffective in failing and/or refusing to require the government to give race neutral explanation regarding the striking of two black jurors from the juror panel under Baston v. Kentucky, 476 U.S. 79 (1986).

### III. Prayer

WHEREFORE, Defendant prays this Honorable Court to: (1) grant leave to file this motion, (2) direct government to respond to this motion, (3) grant a

hearing on this motion, (4) grant a new trial. (5) grant a dismissal and (6  ) grant any further relief as may deem just and proper under the premises of this case.

Respectfully submitted,

Brandon R. Haywood (pro se)
Caldwell County Jail
280 West Main Street
Kingston, Missouri 64650

<u>CERTIFICATE OF SERVICE</u>

A copy hereof was hand-delivered and/or mailed, first-class postage prepaid, and/or hand-delivered on this 3rd day of October 2025, to:

Ashleigh A/ Ragner
Assistant United States Attorney
Western District of Missouri
400 East Ninth Street, Rm. 5510
Kansas City, Missouri 64106

_____
Brandon R. Haywood, Mailer/Server